BRENDON WOODS (CA SBN #189910)
Public Defender

RAHA JORJANI (CA SBN #240941)
Managing Immigration Attorney
KELSEY MORALES (CA SBN #312362)
Immigration Attorney
JULIA RABINOVICH (CA SBN#290730)
Immigration Attorney
Office of the Alameda County Public Defender
312 Clay Street, 2nd Floor
Oakland, CA 94607
Telephone: 510-268-7429
Facsimile: 510-268-7462
Email: kelsey.morales@acgov.org

*Pro Bono Attorneys for Petitioner*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAU VAN GIANG,<br><br>                                  Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF IMMIGRATION REVIEW; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                                  Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

Complaint for Declaratory and Injunctive Relief

## INTRODUCTION

1. Plaintiff Cau Van Giang ("Mr. Giang") brings this action against Defendants the Executive Office of Immigration Review ("EOIR") and U.S. Citizenship and Immigration Services ("USCIS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to compel the disclosure of records in Defendants' possession.

2. Mr. Giang, through counsel, filed a FOIA request with EOIR on November 3, 2025. The statutory deadline to respond to Mr. Giang's FIOA request has expired, but EOIR has failed to make a determination on the request, in violation of the FOIA.

3. Mr. Giang, through counsel, filed a FOIA request with USCIS on October 31, 2025. On November 26, 2025, USCIS responded, stating that it has completed its search and found no responsive records. Through counsel, Mr. Giang attempted, repeatedly, to address his concern that this response was inadequate through the USCIS FOIA Public Liaison, but he received no response. On December 12, 2025, Mr. Giang, through counsel, filed an administrative appeal of the agency's determination. USCIS has failed to make a determination on the appeal, in violation of the FOIA.

## JURISDICTION

4. This Court has jurisdiction under 5 U.S.C. § 552, *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

## VENUE

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because this is a civil action in which Defendants are federal agencies; Plaintiff resides in this District; and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

6. Plaintiff's claims arise in Alameda County, in the city of Hayward. Therefore, the assignment to the San Francisco or Oakland Division of this Court is proper under N.D. Cal. Local Rule 3-2(d).

## PARTIES

7. Plaintiff CAU VAN GIANG is a resident of Hayward, California. He was previously admitted to the United States as a refugee. In 1981, his status was adjusted to that of Lawful Permanent Resident ("LPR"). In 1993, he was ordered deported to Vietnam by an Immigration Judge. However, he was never physically deported to Vietnam and has instead been permitted to continue to reside in the United States pursuant to an Order of Supervision. Through his counsel, he has submitted FOIA requests for his immigration records with both EOIR and USCIS. He has yet to receive responsive records from either agency.

8. Defendant the EXECUTIVE OFFICE OF IMMIGRATION REVIEW is a component agency of the Department of Justice ("DOJ") and is an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, EOIR is responsible for adjudicating immigration cases throughout the country. In 1993, EOIR adjudicated Mr. Giang's deportation proceedings. The complete documentary record and digital audio recording of those proceedings, and any other documentary and audio records pertaining to Mr. Giang, including bond proceedings, are the records Mr. Giang seeks from EOIR.

9. Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES is a component agency of the Department of Homeland Security ("DHS") and is an "agency" within the meaning of 5 U.S.C. § 552(f). Among other duties, USCIS is the federal agency responsible for maintaining A-Files, or comprehensive immigration records for noncitizens who have ever had any interaction with DHS or its predecessor agency, Immigration and Naturalization Service, a no longer extant subcomponent of DOJ. Mr. Giang seeks his own A-file from USCIS.

## LEGAL BACKGROUND

10. FOIA requires each agency, upon a request for records: (a) to conduct a search reasonably calculated to uncover all responsive documents, (b) to make the records available in the form or format requested if they are readily reproducible in that format, and (c) to promptly make available responsive records. 5 U.S.C. § 552(a)(3)(A)-(C).

11. FOIA also requires the agency to make a determination of whether it will comply with the request within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i); 6 C.F.R. § 5.6(c).

12. FOIA also generally requires the agency to make a determination with respect to any appeal of its initial determination within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii); 6 C.F.R. § 5.8(d).

13. If the agency finds that unusual circumstances apply, it must request, by written notice, no more than an additional 10 business days to issue its initial or appellate determination. 5 U.S.C. § 552(a)(6)(B)(i).

14. If an agency fails to comply with the time periods set forth in the statute, the requester is "deemed to have exhausted his administrative remedies" and may seek judicial review. 5 U.S.C. § 552(a)(6)(C)(i). The agency will not be permitted to assess search fees if it fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(4)(A)(viii)(I); 6 C.F.R. § 5.11(d)(2).

**FACTUAL ALLEGATIONS**

Mr. Giang's EOIR FOIA request

15. On November 3, 2025, Mr. Giang, through counsel, submitted a request via EOIR's FOIA Public Access Link ("PAL") online portal, seeking the complete documentary record and digital audio recording of all of his proceedings before EOIR. Declaration of Julia Rabinovich ("Rabinovich Decl.") at ¶ 5; Exhs. B, C.[1]

16. Defendant EOIR acknowledged the receipt of the FOIA request on the same day that it was filed and invoked the unusual circumstances provision of the FOIA statute to extend its response deadline by ten additional business days. Rabinovich Decl. at ¶ 6; Exh. A.

17. On December 18, 2025, EOIR issued a second acknowledgement of receipt, which was substantially similar to the first. Rabinovich Decl. at ¶ 7; Exh. B.

---

[1] All the exhibits referenced in this document are attached to the Declaration of Julia Rabinovich.

Complaint for Declaratory and Injunctive Relief                                          3

18. Mr. Giang has received no other response or communication regarding his EOIR FOIA request. Rabinovich Decl. at ¶ 8.

19. As of January 16, 2026, EOIR's PAL online portal indicated that Mr. Giang's request had the status of "Assigned for Processing." Rabinovich Decl. at ¶ 9; Exh. C.

Mr. Giang's USCIS FOIA request

20. On October 31, 2025, Mr. Giang submitted a FOIA Request to Defendant USCIS through FOIA FIRST, USCIS's online FOIA portal, seeking Mr. Giang's entire A-File. Rabinovich Decl. at ¶ 10; Exh. D.

21. On November 4, 2025, Defendant USCIS acknowledged the receipt of the FOIA request and invoked the unusual circumstances provision of the FOIA statute to extend its response deadline by ten additional business days. Rabinovich Decl. at ¶ 11; Exh. D.

22. On November 26, 2025, USCIS issued its response to Mr. Giang's FOIA request, stating: "We have completed our search and no records responsive to your request were located. We could not find records matching the name of the subject of record's parents provided in your request." Rabinovich Decl. at ¶ 12; Exh. E.

23. On December 4, 2025, Mr. Giang, through counsel, wrote to the USCIS FOIA liaison's office, informing them that the response to his FOIA request appeared to be in error, as he was a former LPR and therefore would certainly have an A-File. Rabinovich Decl. at ¶ 13; Exh. F. He attached a copy of his old LPR card. *See* Exh. F.

24. On December 10, 2025, Mr. Giang, through counsel, again wrote to the USCIS FOIA liaison's office, following up on his December 4, 2025 inquiry. Rabinovich Decl. at ¶ 14; Exh. G.

25. Having received no response from the liaison, on December 12, 2025, Mr. Giang appealed USCIS's November 26, 2025 determination that it had not located any responsive records through FOIA FIRST. Rabinovich Decl. at ¶ 15; Exh. H.

26. As of January 16, 2026, USCIS FIRST's online portal indicated that Mr. Giang's appeal had the status of "Submitted" with an estimated completion date of June 4, 2026. Rabinovich Decl. at ¶ 16; Exh. H.

27. As of January 16, 2026, Mr. Giang has not received any response or communication regarding his USCIS FOIA appeal and has not received any notice from USCIS that it was invoking the unusual circumstances provision of the FOIA statute to extend its response deadline by ten additional business days. Rabinovich Decl. at ¶ 17.

## CAUSES OF ACTION

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552 *et seq.*
### Failure to Conduct an Adequate Search for Records
### As to Defendant EOIR

28. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

29. EOIR is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Mr. Giang's FOIA request.

30. Mr. Giang has a legal right to obtain such records, and no legal basis exists for EOIR's failure to search for them.

31. EOIR's failure to conduct a reasonable search for records responsive to Mr. Giang's request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

### COUNT TWO
### Violation of FOIA, 5 U.S.C. § 552 *et seq.*
### Failure to Disclose Responsive Records
### As to Defendant EOIR

32. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

33. EOIR is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Mr. Giang's FOIA request. EOIR has failed to produce any records responsive to Mr. Giang's FOIA request.

34. Mr. Giang has a legal right to obtain such records, and no legal basis exists for EOIR's failure to disclose them.

35. EOIR's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

### COUNT THREE
### Violation of FOIA, 5 U.S.C. § 552 *et seq.*
### Failure to Timely Respond
### As to Defendant EOIR

36. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

37. EOIR is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to make a determination about whether it will produce records responsive to Mr. Giang's FOIA request within 20 business days of receipt or, if the agency invokes unusual circumstances through written notice, within 30 business days of receipt.

38. EOIR has not made a determination on Mr. Giang's FOIA request within the statutorily required time period. According to EOIR's own receipt notice, Mr. Giang requested his records on November 3, 2025, *see* Exh. B, and EOIR invoked the ten business days extension, making its response due December 16, 2025. However, as of January 13, 2026, EOIR's online FOIA portal reflects that Mr. Giang's FOIA request is still in "Assigned for Processing" status. *See* Exh. C. As such, EOIR has failed to timely respond to Mr. Giang's FOIA request.

39. Mr. Giang has a legal right to timely obtain such records, and no legal basis exists for EOIR's failure to timely disclose them.

40. EOIR's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A) & (B), as well as the regulations promulgated thereunder.

**COUNT FOUR**
**Violation of FOIA, 5 U.S.C. § 552** *et seq.*
**Failure to Conduct an Adequate Search for Records**
**As to Defendant USCIS**

41. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

42. USCIS is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Mr. Giang's FOIA request.

43. Mr. Giang has a legal right to obtain such records, and no legal basis exists for USCIS's failure to search for them. Mr. Giang has described the records he seeks—his entire A-file—and provided his verification of his identity pursuant to 6 C.F.R. § 5.21(e) as well as his A number. Rabinovich Decl. at ¶ 10. This is sufficient to detail to allow DHS personnel to locate the system of records "with a reasonable amount of effort." 6 C.F.R. § 5.21(c). USCIS's assertion that it "could not find records matching the name of the subject of record's parents provided in [Mr. Giang's] request," *see* Exh. E, is not a legal basis to cease its search for records.

44. USCIS's failure to conduct a reasonable search for records responsive to Mr. Giang's request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

**COUNT FIVE**
**Violation of FOIA, 5 U.S.C. § 552** *et seq.*
**Failure to Disclose Responsive Records**
**As to Defendant USCIS**

45. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

46. USCIS is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Mr. Giang's FOIA request. USCIS has failed to produce any records responsive to Mr. Giang's FOIA request.

47. Mr. Giang has a legal right to obtain such records, and no legal basis exists for USCIS's failure to disclose them. USCIS's assertion that it "could not find records matching the name of the subject of record's parents provided in [Mr. Giang's] request," *see* Exh. E, does not mean that USCIS did not find records associated with Mr. Giang and it is not a legal basis to withhold responsive records.

48. USCIS's failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

**COUNT SIX**
**Violation of FOIA, 5 U.S.C. § 552 *et seq*.**
**Failure to Timely Respond**
**As to Defendant USCIS**

49. Mr. Giang incorporates the allegations in the above paragraphs as though fully set forth here.

50. USCIS is obligated under 5 U.S.C. § 552(a)(6)(A)(ii) to make a determination with respect to Mr. Giang's FOIA appeal within 20 business days of receipt or, if the agency invokes unusual circumstances through written notice, within 30 business days of receipt. To date, USCIS has not invoked the unusual circumstances exception with respect to Mr. Giang's appeal or responded in any way to his appeal. Rabinovich Decl. at ¶ 17.

51. USCIS has not made a determination on Mr. Giang's FOIA appeal within the statutorily required time period. According to USCIS' own online FOIA portal, Mr. Giang filed his administrative appeal on December 12, 2025. Because USCIS has not invoked the ten business days exception, its response was due January 15, 2026. However, as of January 16, 2026, USCIS's own online FOIA portal reflects that Mr. Giang's FOIA appeal is still in

"Submitted" status with an estimated completion date of May 28, 2026. As such, USCIS has failed to timely respond to Mr. Giang's FOIA appeal.

52. Mr. Giang has a legal right to timely adjudication of his administrative appeal and timely receipt of his records, and no legal basis exists for USCIS's failure to timely adjudicate his appeal and disclose his records.

53. USCIS's failure to timely adjudicate Mr. Giang's appeal and disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A) & (B), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare unlawful Defendant EOIR's failures to (a) conduct an adequate search for records responsive to Mr. Giang's FOIA request, (b) disclose records responsive to Mr. Giang's FOIA request, and (c) timely respond to Mr. Giang's FOIA request.

(3) Declare unlawful Defendant USCIS's failures to (a) conduct an adequate search for records responsive to Mr. Giang's FOIA request, (b) disclose records responsive to Mr. Giang's FOIA request, and (c) timely adjudicate and respond to Mr. Giang's FOIA appeal.

(4) Order both Defendants to (a) make a full, adequate, and expeditious search for the requested records and (b) expeditiously process and disclose all responsive, nonexempt records and enjoin both Defendants from improperly withholding records.

(5) Award costs and reasonable attorney fees incurred under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable law; and

(6) Grant such further relief as the Court deems just and proper.

Dated: January 16, 2026                    Respectfully submitted,

<u>s/ Julia Rabinovich</u>
Julia Rabinovich
Kelsey Morales

*Attorneys for Petitioner*